<s><p></s>Case 1:21-cv-05700-VEC   Document 14   Filed 11/29/21   Page 1 of 2<s>



<s><p></s>Edward Y. Kroub– Partner
200 Vesey Street, 24th Floor
New York, NY 10281
P: (212) 595-6200 | F: (212) 595-9700
ekroub@mizrahikroub.com
www.mizrahikroub.com<s>

November 24, 2021

VIA ECF

The Honorable Valerie Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2021

Re:  *Tavarez v. Hill to Grove, Inc.*, Case No. 1:21-cv-5700 (VEC)

Dear Judge Caproni:

We now represent plaintiff Victoriano Tavarez ("Plaintiff") in the above referenced action. Earlier today, Plaintiff sent notice to Mr. Mars Khaimov concerning the substitution of counsel. We respectfully write this letter-motion seeking a stay of this action for 14 days – including a stay *sine die* of the upcoming Initial Pretrial Conference currently set for December 3, 2021 – in order to permit a proper transition of counsel.

Plaintiff had retained this firm to represent him in this (and other) ADA action(s) and earlier today sent a letter notifying Mr. Khaimov about Plaintiff's desire to substitute counsel and terminate the attorney-client relationship with Mr. Khaimov. Given the recent substitution, we respectfully request a brief stay of 14 days in order to become fully briefed on this pending action, receive all materials from previous counsel, and develop a proper litigation approach, including exploring a potential resolution with opposing counsel.

A district court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, or counsel, and for litigants. *See Bowes v. Am. Eagle Outfitters, Inc.*, 18-CV-9004 (VEC), 2021 U.S. Dist. LEXIS 23568, at *2 (S.D.N.Y. Feb. 8, 2021) (citations omitted). In determining whether to grant a motion to stay, the Court considers factors including: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Id*. at *2-*3 (citations omitted).

Here, these factors militate in favor of a brief stay. Prejudice to Plaintiff resulting from the change of counsel would be minimized by allowing time for incoming counsel to acclimate to the case and to discuss all aspects of this action, including potential resolution, with defense counsel. *Second*, a stay would not prejudice and may actually benefit Defendant, who has also been recently



Hon. Valerie Caproni
November 24, 2021
Page 2

retained, to adequately address issues, including developing a new schedule prior to the Initial Pretrial Conference. *See* Docket No. 10.  *Finally*, there is no evidence that a stay will result in prejudice to any non-party or public interest.  As such, to avoid prejudice to Plaintiff, and ensure that both Defendant and the Court can have outstanding concerns and issues addressed efficiently, promptly, and knowledgably, a stay is warranted.

For these reasons, a stay of the case for two weeks, including a *sine die* stay of the upcoming Initial Pretrial Conference currently set for December 3, 2021, is merited.

> Respectfully submitted,
> */s/* Edward Y. Kroub
> EDWARD Y. KROUB

cc:   All Counsel of Record (via ECF)

---

Application DENIED.

The initial pretrial conference currently scheduled for December 3, 2021 is ADJOURNED to **January 7, 2022 at 10:30 a.m.**  The parties' joint submission is due by **December 30, 2021**. The parties should appear for the conference by dialing 888-363-4749, using the access code 3121171 and the security code 5700.

---

SO ORDERED.

*[signature]*   11/29/2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE